UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STEVEN HALL,<br><br>    Petitioner,<br><br>    v.<br><br>K. PERSON,<br><br>    Respondents. | No. ED CV 14-729-FMO (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

On April 15, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus (the "Petition"). In the Petition, petitioner appears to challenge his commitment to continued involuntary treatment for one year under California Penal Code § 2970.[1] (See Petition at 2). For the reasons expressed below, it appears that the instant Petition is unexhausted.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The

---

[1] Petitioner indicates that he is challenging a "[one-]year ext[ension] under the [illegible] civil conviction," pursuant to "Penal Code [§] 2972." (Petition at 2). California Penal Code § 2972 addresses: "Hearing on petition for continued treatment; jury trial; order; petition for recommitment; rights of patient; modification by regulations," all with regard to petitions under Section 2970. See generally Cal. Penal Code § 2972.

habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 2-5).  Petitioner indicates that he did not appeal his commitment to continued involuntary treatment in the California Court of Appeal, or file a Petition for Review with the California Supreme Court. (See Petition at 2-3).  Petitioner further indicates that he has not filed any habeas petitions in any state court with respect to this commitment to continued involuntary treatment, and concedes that, with respect to the sole Ground of the instant Petition, he did not raise the claim in a habeas petition to the California Supreme Court. (See Petition at

2-3, 5).[2]  As the instant Petition thus appears to be unexhausted, it is subject to being dismissed without prejudice.  Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

For the foregoing reasons, **no later than May 8, 2014**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. Filing by petitioner of an Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus -- clearly showing that petitioner has exhausted his state judicial remedies shall be deemed compliance with this Order to Show Cause.  **Petitioner is advised that his failure to show in his Amended Petition that he has exhausted his state judicial remedies will result in the action being dismissed for lack of exhaustion.  Petitioner is further advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and failure to follow Court orders.**

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody.  Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: April 17, 2014

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]  Petitioner indicates that the ground raised in the instant Petition, that petitioner's lawyer, James Gass, "waive[d] all my [r]ight[]s[,] even the right to be present at my trial," was not previously presented to the California Supreme Court because, "James Gass is a priv[a]te attorney [and it] is hard to file because he refuse[s] to answer my call[s]," and because petitioner apparently has received no "paperwork" from Mr. Gass, and therefore has had to "fill this paperwork here off the top of [his] head." (See Petition at 5, 7).  Neither petitioner's inability to contact Mr. Gass, nor any lack of access to legal materials, excuses his failure to exhaust state remedies.  See Tarver v. Washington, 279 Fed.Appx. 505, 506 (9th Cir. 2008) (rejecting petitioner's contention that lack of access to legal materials and a law library caused his failure to exhaust state remedies).

3