UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN HALL, | ) | No. ED CV 14-729-FMO (PLA) |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST, PROSECUTE AND FOLLOW COURT ORDERS** |
| K. PERSON, | ) ) | |
| Respondent. | ) ) ) | |

On April 15, 2014, petitioner, who is currently confined at the Atascadero State Hospital, filed a Petition for Writ of Habeas Corpus (the "Petition"). Petitioner appears to be challenging his commitment for continued involuntary treatment under California Penal Code § 2970.[1] (See Petition at 2). On April 17, 2014, because the Petition appeared to be completely unexhausted, the Magistrate Judge ordered petitioner to show cause, no later than May 8, 2014, why the Petition should not be dismissed for failure to exhaust state remedies. Petitioner was instructed that the filing of an Amended Petition showing he had exhausted his state judicial remedies would

---

[1] Petitioner indicates that he is challenging a "[one-]year ext[ension] under the [mentally disordered offender] civil conviction," pursuant to "Penal Code [§] 2972." (Petition at 2). California Penal Code § 2972 sets forth the procedures afforded an individual against whom a petition for continued involuntary treatment is filed under Section 2970. See generally Cal. Penal Code § 2972.

1 be deemed compliance with the Order to Show Cause. Petitioner was further advised that his
2 failure to timely respond to the Order would result in the action being dismissed for lack of
3 exhaustion and for failure to prosecute and follow Court orders. **To date, petitioner has not filed**
4 **a response to the April 17, 2014, Order, and his time to do so has passed.**

5       As a matter of comity, a federal court will not entertain a habeas corpus petition unless the
6 petitioner has exhausted the available state judicial remedies on every ground presented in the
7 petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The
8 habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall
9 not be granted unless it appears that -- (A) the applicant has exhausted the remedies available
10 in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)
11 circumstances exist that render such process ineffective to protect the rights of the applicant." 28
12 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived
13 expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

14       Exhaustion requires that petitioner's contentions be fairly presented to the state supreme
15 court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119
16 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).
17 Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by
18 invoking one complete round of the State's established appellate review process" in order to
19 exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the
20 prisoner has described in the state court proceedings both the operative facts and the federal legal
21 theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887,
22 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438
23 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of
24 Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,
25 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted
26 available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

27       Here, petitioner has not exhausted his state judicial remedies in connection with this matter.
28 (See Petition at 2-5). Petitioner indicates that he did not appeal his commitment to continued

involuntary treatment in the California Court of Appeal, or file a Petition for Review with the California Supreme Court.  (See Petition at 2-3).  Petitioner further indicates that he has not filed any habeas petitions in any state court with respect to this commitment to continued involuntary treatment, and concedes that, with respect to the sole Ground raised in the instant Petition, he did not raise the claim in a habeas petition to the California Supreme Court.  (See Petition at 2-3, 5).[2]  Because the Petition is unexhausted, it is subject to being dismissed without prejudice.  Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

      Moreover, it is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

      In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

---

[2] Petitioner indicates that the ground raised in the instant Petition -- that petitioner's lawyer, James Gass, "waive[d] all my [r]ight[]s[,] even the right to be present at my trial" -- was not previously presented to the California Supreme Court because "James Gass is a priv[a]te attorney [and it] is hard to file because he refuse[s] to answer my call[s]," and because petitioner apparently has received no "paperwork" from Mr. Gass, and therefore has had to "fill this paperwork here off the top of [his] head."  (See Petition at 5, 7).  Neither petitioner's inability to contact Mr. Gass, nor any lack of access to legal materials, excuses his failure to exhaust state remedies.  See 28 U.S.C. § 2254(b)(1).

1 The first two factors -- the public's interest in expeditious resolution of litigation and the
2 Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to file any
3 response to the Magistrate Judge's April 17, 2014, Order to Show Cause hinders the Court's
4 ability to move this case toward disposition and indicates that petitioner does not intend to litigate
5 this action diligently.

6 The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable
7 presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution
8 of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is
9 unwarranted in this case.

10 The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against
11 dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a
12 reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942
13 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these
14 circumstances, the public policy favoring resolution of disputes on the merits does not outweigh
15 petitioner's failure to comply with Court orders.

16 The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The
17 Magistrate Judge attempted to avoid dismissal by advising petitioner that the failure to timely
18 respond to the Order to Show Cause would result in the action being dismissed for lack of
19 exhaustion and for failure to prosecute and follow Court orders. Petitioner has failed to respond
20 to the April 17, 2014, Order.

21 Taking all of the above factors into account, dismissal for failure to prosecute and follow Court
22 orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been
23 notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d
24 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal
25 in the April 17, 2014, Order.

26 /
27 /
28 /

4

1    In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for lack of
2 exhaustion, and for failure to prosecute and comply with Court orders. IT IS THEREFORE
3 ORDERED that this action is **dismissed without prejudice.**

5 DATED: May 21, 2014            /s/
                                                         HONORABLE FERNANDO M. OLGUIN
6                                                          UNITED STATES DISTRICT JUDGE